UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JENA BAND OF CHOCTAW INDIANS, ET AL. | CIVIL ACTION NO. 98-0829 |
| -vs- | JUDGE LITTLE |
| TRI-MILLENNIUM CORPORATION, INC., ET AL. | |

## MEMORANDUM RULING

Before the court is a motion for declaratory judgment and/or specific performance to enforce settlement [Doc. #68] filed by plaintiffs Jena Band of Choctaw Indians ("Jena Band"), Jerry D. Jackson, Beverly Cheryl Smith, Mary J. Jones, Christine M. Norris, and Ricky G. Jackson. Defendants Tri-Millennium Corporation, Inc., d/b/a The Millennium Group ("Millennium"), and BBC Entertainment, Inc. ("BBC") oppose the motion [#74]. For the reasons explained below, the plaintiffs' motion for declaratory judgment and/or specific performance to enforce settlement is DENIED.

## BACKGROUND

This litigation concerns various aspects of the Jena Band's efforts to develop a casino in Louisiana, including acquiring land, construction, and obtaining various government approvals.[1] We issued a memorandum ruling [#62] and accompanying judgment [#63] on

---

[1] The companion case, Machal, Inc. v. Jena Band of Choctaw Indians, et al., Civil Action No. 04-1304, further details the issues in controversy.

22 July 2005 that denied motions to dismiss or for summary judgment filed by Millennium and BBC.[2] The court denied the defendants' subsequent motion for new trial or reconsideration on 9 January 2006 [##77,78].

The instant motion concerns attempts to end this dispute. In order to resolve their disputes described in lawsuits currently pending in state and federal court, the parties discussed settlement. Plaintiffs' counsel sent a letter dated 21 December 2004 to defendants' counsel setting forth broad settlement proposals. Defendants' counsel responded with a letter of acceptance dated 31 December 2004, attaching a copy of the 21 December 2004 letter with the acknowledgment section signed by defendants' counsel.

After meeting with the National Indian Gaming Commission in early 2005, the parties drafted a detailed settlement agreement. According to plaintiffs, upon review of the draft agreement, defendants' counsel requested "several immaterial revisions," but went on to request "revisions that would have changed the material terms" and also made "unreasonable requests." Pls.' Mot. 2. Copious correspondence ensued. As plaintiffs' counsel sent the agreement to the defendants' counsel without these requested revisions, the defendants declined to execute the agreement. Plaintiffs now seek specific performance and ask this court to enforce the settlement and order the defendants to execute the settlement agreement.

---

[2] This memorandum ruling provides a detailed discussion of the factual background of the case.

## **ANALYSIS**

In order to determine whether an enforceable settlement agreement exists, we first examine the basic requirements for contract formation. See Ingraffia v. NME Hosps., Inc., 943 F.2d 561, 565 (5th Cir. 1991). Under Louisiana law, four elements are necessary for the confection of a valid contract: (1) capacity to contract, (2) mutual consent, (3) cause or reason for obligating themselves, and (4) a lawful purpose. See LA. CIV. CODE ANN. arts. 1918, 1927, 1966, 1971 & 2029; Higgins v. Spencer, 531 So. 2d 768, 770 (La. Ct. App. 1988). "A contract is formed by the consent of the parties established through offer and acceptance." LA. CIV. CODE ANN. art. 1927.

A party claiming the existence of a contract has the burden of proving that the contract was perfected. See Enter. Prop. Grocery, Inc. v. Selma, Inc., 882 So. 2d 652, 655 (La. Ct. App. 2004) (citing Pennington Constr., Inc. v. R A Eagle Corp., 652 So. 2d 637 (La. Ct. App. 1995)). An offer must be accepted as made to constitute a contract. A modification in the acceptance of an offer constitutes a new offer which must be accepted in order to become a binding contract. See Rodrigue v. Gebhardt, 416 So. 2d 160, 161 (La. Ct. App. 1982).

Under Louisiana law, courts must enforce a contract to ratify the intent of the parties. See Domed Stadium Hotel, Inc. v. Holiday Inns, Inc., 732 F.2d 480, 484 (5th Cir. 1984) (citation omitted). Agreements in principle or letters of intent referring to subsequent formal agreements to be executed are not binding on the parties, even where the instrument thoroughly details the proposed terms and conditions. See Spillway Investments, L.L.C. v.

3

Pilot Travel Centers LLC, No. 04-2451, 2005 WL 517498, *5 (E.D. La. Feb. 22, 2005); I.H. Rubenstein & Son, Inc. v. Sperry & Hutchinson Co., 222 So. 2d 329, 330-31 (La. Ct. App.) (maintaining exception of no cause of action with regard to alleged breach of contract to transfer corporate assets), cert. denied, 266 So. 2d 521 (La. 1969). In this regard, Article 1947 of the Louisiana Civil Code provides that "[w]hen, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form." This rule has been consistently recognized by Louisiana courts. See, e.g., Breaux Bros. Constr. Co. v. Assoc. Contractors, Inc., 77 So. 2d 17, 20 (La. 1954) (observing that where negotiations between the parties contemplate contract in writing, no party is bound until writing is perfected and signed); Waldhauser v. Adams Hats, Inc., 20 So. 2d 423, 425 (La. 1944); Knipmeyer v. Diocese of Alexandria, 492 So.2d 550, 555 (La. Ct. App. 1986).

Persons, by contract of transaction or compromise, may settle any differences they may have that are the subject of a lawsuit or that could result in litigation. See LA. CIV. CODE ANN. arts. 3071, 3073. A compromise agreement requires no cause or consideration other than an adjustment of differences and avoidance of litigation. Perault v. Time Ins. Co., 633 So. 2d 263, 267 (La. Ct. App. 1993). A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when they reached the compromise. Perault, 633 So. 2d at 268; Tarver v. Oliver H. Van Horn Co., 591 So. 2d 1366, 1369 (La. Ct. App. 1991), cert. denied, 594 So. 2d 891 (La. 1992). To be unambiguous, a compromise must be made by mutual consent and be reduced to writing or

must be recited in open court and capable of being transcribed from the record of the proceeding. LA. CIV. CODE ANN. art. 3071; Perault, 633 So. 2d at 268; DeSoto v. DeSoto, 694 So. 2d 1043, 1045 (La. Ct. App. 1997).

In their motion, plaintiffs allege that the correspondence between the parties' respective counsel constituted a binding agreement. In response, defendants contend, albeit perfunctorily, that no written settlement agreement was ever confected, there was no meeting of the minds, and the statute of frauds was not satisfied. Neither party's briefing is particularly illuminating. In fact, the defendants' filings are so vacuous as to be of no assistance whatsoever. The record does not show that any written settlement was actually confected between plaintiffs and defendants. Evidence of "settlement" consisting only of correspondence between attorneys is not sufficient to bind the parties. See Mayeaux v. Denny's Inc., 663 So. 2d 822, 825 (La. Ct. App. 1995). Without a meeting of the minds as to the parties' intent, a compromise cannot be valid. Amy v. Schlumberger Tech. Corp., 771 So.2d 669, 672 (La. Ct. App. 2000). Nonetheless, we next examine the correspondence in question for evidence of a valid agreement.

To demonstrate defendants' acceptance of their offer of settlement, plaintiffs point to the executed copy of their counsel's 21 December 2004 letter received on 31 December 2004 from defendants' counsel. In light of the case law discussed *supra*, the written correspondence herein is not enforceable, as that correspondence contemplated the future reduction to writing and execution of a formal settlement agreement document. Rather, the parties' correspondence merely constitutes an intent to enter into a settlement agreement.

5

Moreover, the parties did not intend to be bound until the parties signed the formal settlement. Specifically, the 21 December 2004 letter signed by Julie R. Wilkerson, plaintiffs' counsel, contemplated the execution of "mutually agreed upon documents to affect approvals and./or [sic] dismissals of the above referenced litigation." Pls.' Mot. Ex. A. That letter further demonstrates that the parties anticipated entering into a written settlement agreement on or before 30 January 2005. Also, the 31 December 2004 letter from Joel T. Chaisson, counsel for Millennium and BBC, to Miss Wilkerson asked her to "request that litigation be stayed pending completion of the settlement." Pls.' Mot. Ex. B. Where, as here, a letter agreement is made expressly contingent upon the fulfillment of certain conditions and the execution of a mutually acceptable agreement, the terms of the agreement are obviously still subject to negotiation and not yet final.[3] The absence of that final signed writing between the parties is conspicuous.

Plaintiffs seem to allege that the parties had reached a valid settlement, and that the defendants cannot now change their minds. Here, there was no meeting of the minds as to the specific terms with respect to the settlement of claims. Indeed, the correspondence between plaintiffs' and defendants' counsel underscores the conclusion that the defendants did not agree to settle the lawsuits at issue here. There is nothing in the record in writing from the parties themselves. Thus, there was no legally binding settlement. See Lizama v. Williams, 759 So. 2d 865, 868-69 (La. Ct. App. 2000) (observing settlement documents in

---

[3] Indeed, the 21 December 2004 letter is not two full pages in length; the draft Settlement Agreement is nearly 9 pages long.

question were never signed by any party and finding no other unequivocal proof that appellees intended to accept settlement). As there is no settlement to enforce, we need not consider plaintiffs' prayer for a declaratory judgment.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for declaratory judgment and/or specific performance to enforce settlement [#68] is DENIED.

Alexandria, Louisiana

13 February 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE